LAUDERDALE LAW OFFICES
JAMES M. LAUDERDALE  59640
150 Carmelito Avenue
Monterey, CA  93940
Telephone:  (831) 646-1306
Facsimile:  (831) 646-1615

Attorney for Creditor Saunders Company

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: CAMPISI, Elizabeth,<br><br>      Debtor. | No: 10-56816 ASW<br>Chapter 11<br><br>**SAUNDERS COMPANY'S AMENDED MOTION TO CONVERT THIS CHAPTER 11 CASE TO A CHAPTER 7 CASE, OR ALTERNATIVELY, TO DISMISS THIS ACTION OR APPOINT A CHAPTER 11 TRUSTEE**<br><br>Date:  March 15, 2011<br>Time:  2:15 p.m.<br>Place:  U.S. Bankruptcy Court<br>       280 S. First St., Room 3020<br>       San Jose, CA |

Comes now, Saunders Company, the servicing agent for the secured lenders of the debtor in possession, and moves for an order to convert this Chapter 11 case to a Chapter 7 case. Alternatively, Saunders Company moves to dismiss this action or to appoint a Chapter 11 trustee.

**INTRODUCTION**

On June 30, 2010, debtor filed this action under Chapter 11.  No trustee was appointed and debtor did not file a plan of reorganization during the 120-day exclusivity period pursuant to 11 USC § 1121(b).  Debtor has been acting as a debtor in possession and is depleting the secured interest in the estate to the detriment of Saunders Company and other creditors.  Accordingly,

Saunders Company seeks to have this matter converted to a Chapter 7 case for liquidation of the estate pursuant to 11 USC § 1121(c).

As a debtor in possession, debtor has a duty to preserve and enhance the overall value of the estate. Debtor is currently collecting the cash collateral on the secured properties and using the money for her own personal use, including the funding of this litigation in an amount of approximately $80,000.

## THE LOANS FROM SAUNDERS COMPANY

In December 2006, Saunders Company loaned debtor $825,000 secured by real property known as 6501 Fairview Road, Hollister, California, which consists of a five-acre parcel with four commercial and residential tenants ("Saunders I"). This loan was assigned by Saunders Company to ten individual investors with Saunders Company retaining the servicing of the loan. On November 3, 2008, the loan was modified extending the due date to January 1, 2011. The balance of this loan is $545,000, plus back interest, late charges, and costs of collection. (Saunders Decl., ¶ 2.)

In October 2008, Saunders Company loaned debtor another $400,000 secured by real property known as 2889 and 2889 B Cienga Road, San Benito County, California ("Saunders II"). Debtor used $300,000 of this loan to pay down the Saunders I loan. The balance of this loan is $287,311, plus unpaid interest, late fees, and costs of collection. The loan is due on March 1, 2011. Thus, the total amount of Saunders Company's secured overdue loans is $823,311, plus back interest, late charges, and costs of collection. (Saunders Decl., ¶ 3.)

Each of the deeds of trust provided by debtor to Saunders Company contains a provision whereby Saunders Company is entitled to rents and profits from the secured property in the event of defaults on the loans. There is also a clause increasing the interest rate to 15% if the loans

2

remain unpaid after the due date. Under 11 USC § 552(b)(2), the interests of the secured lenders in the post-petition rents constituted cash collateral.

### DEBTOR'S RELIEF TO USE AND USE OF THE CASH COLLATERAL

On or about July 19, 2010, debtor filed a motion to use the cash collateral of Saunders Company and another creditor, Ernest Avila. The motion was granted. On December 10, 2010, debtor filed a motion to extend the cash collateral order and for continued authorization to use the cash collateral of the Saunders Company and Ernest Avila. On December 21, 2010, the court granted the motion and requested that the parties further brief this issue for a hearing on March 15, 2010. Saunders Company will be filing its opposition to debtor's continued use of the cash collateral on March 7, 2010 in accordance with a briefing schedule agreed upon by the parties.

Debtor filed a declaration in support of her original motion to use the cash collateral which indicated she would be using the cash collateral to get caught up on her house payments, to pay her monthly living expenses, and to fund her Chapter 11 case "including any warranted litigation as deemed necessary and appropriate." To date, approximately $80,000 of that cash collateral has been paid to debtor's attorneys in this action.

### DEBTOR'S FAILURE TO PROTECT THE BANKRUTPCY ESTATE

As seen in the Declaration of James M. Lauderdale filed concurrently herewith, in June 2010, debtor committed to take appropriate action to sell the secured properties in order to satisfy these debts. In the Declaration of Frank Saunders filed in August 2010, Mr. Saunders, who has thirty years' experience as a licensed real estate broker appraising real property for financing, stated that his investigation revealed that the secured properties were falling into disrepair because the debtor did not have the funds or inclination to properly maintain the properties. Mr. Saunders also opined that the value of the property had eroded as a result of the current economy.

Only after demands by the creditors' counsel did debtor attempt to list two of the three properties for sale.

As seen in the Declaration of Frank Saunders filed concurrently with this motion, debtor listed the Cienega property (secured by the Saunders II loan) only in January 2011 for $949,000, although that property is only worth about $800,000. (Saunders Decl., ¶ 6, Exh. 1.) Debtor has so far refused to list the Fairview (Saunders I) property. Its value has eroded significantly as a result of the recession, with its current worth at about $750,000. (Saunders Decl., ¶ 7.) The current balance on the loan exceeds $600,000, including back interest, late charges and collection costs. This places the loan-to-value ratio at 80%. (*Id*.)

The only recourse the creditors have in this instance is to liquidate the assets securing their loans in a Chapter 7 proceeding. Alternatively, based on debtor's mismanagement of the estate, this matter should be dismissed for debtor's bad faith in her abuse of the cash collateral by using it for her personal needs and to fund this litigation.

**THIS MATTER SHOULD BE CONVERTED TO A CHAPTER 7 CASE**

**OR, ALTERNATIVELY, DISMISSED**

The grounds for a creditor to seek conversion or dismissal to Chapter 7 for cause are found in 11 USC § 1112(b)(4):

"For purposes of this subsection, the term 'cause' includes –

(A)  substantial or continuing loss to or diminution of the estate and the absence of a ` reasonable likelihood of rehabilitation;

(B)  gross mismanagement of the estate;

(D)  unauthorized use of cash collateral substantially harmful to 1 or more creditor…."

4

In *In re National Safe Center, Inc.* (1985, BC DC Hawaii) 54 BR 239, the court found no cause existed for converting the debtor's Chapter 11 case to one under Chapter 7 because, among other things, the debtor had filed a plan of reorganization within a reasonable time, the liquidation of assets was not likely to bring anywhere near the actual value of the assets, and the debtor has ceased using the cash collateral owed to the creditor. As noted above, none of these circumstances exist here.

The debtor has never filed a plan of reorganization. The debtor's assets, if liquidated, will be for their actual cash value. And, the debtor continues to deplete the cash collateral with payment of exorbitant legal fees which are currently about $80,000. (See Lauderdale Decl.) Debtor has ineffectively listed the secured properties for sale. One of the properties is not even listed yet. Accordingly, the requisite grounds exist to dismiss or convert this matter to a Chapter 7 case pursuant to 11 USC § 1112(b)(4)(A)(B)(D).

## IF CONVERSION OR DISMISSAL IS DENIED, A CHAPTER 11 TRUSTEE SHOULD BE APPOINTED

The grounds for appointment of a Chapter 11 trustee are outlined in 11 USC § 1104 and provide that the court shall order the appointment of a trustee –

"(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management . . . ;

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate . . . ."

The power of the court to appoint a trustee is discretionary and is limited to situations where appointment is necessary to protect the interests of creditors, equity security holders, and other interests in the debtor's estate, e.g., a trustee will be appointed when the debtor in

5

possession is incapable of performing his/her fiduciary duties. (*In re Russell* (1985, BC WD Ark) 60 BR 42.)

The conduct of the debtor herein mandates appointment of a Chapter 11 trustee as an alternative to dismissal or conversion of this case. Debtor has failed to effectively market the secured properties since June 2010 when she represented that she would place the properties on the market for sale so that the proceeds could be used to pay the balance on the Saunders I and II loans. Although debtor has never filed a plan for reorganization, she has been permitted to use the cash collateral for her own personal use and to fund this litigation. Debtor has allowed the secured properties to fall into disrepair due to her failure to maintain them. The value of the properties is dropping precipitously causing the security interest to dwindle. The primary reason for appointment of a Chapter 11 trustee is the incompetent and gross mismanagement of affairs by the debtor in possession. Appointment of a trustee is in the best interest of the creditors and the estate under these circumstances. This should be sufficient to overcome the presumption that the debtor should continue to be in control of the properties. (*In re Garland Corp*. (1980, BAP1 Mass) 6 BR 456.)

## CONCLUSION

For the foregoing reasons, and to avoid the complete depletion of the equity in these secured properties, Saunders Company respectfully requests that this matter be converted to a Chapter 7 with appointment of a trustee to liquidate the estate. As a first alternative to conversion, Saunders Company requests that this matter be dismissed. As a final alternative, Saunders Company requests that a Chapter 11 trustee be appointed to manage the estate.

Dated: February 17, 2010	LAUDERDALE LAW OFFICES

By  /s/  James M. Lauderdale, Bar No. 59640