ELAINE M. SEID (Bar No. 72588)
McPHARLIN, SPRINKLES
    & THOMAS LLP
160 W. Santa Clara, Suite 400
San Jose, California 95113
Telephone (408) 293-1900
Facsimile (408) 293-1999

Attorneys Debtor
Elizabeth Campisi

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

In re:

ELIZABETH CAMPISI
    Debtor.
.

Case No.: 10-56816 ASW

Chapter 11

Hearing:
Date: 3/15/2011
Time: 2:15 p.m.
Judge: Hon. Arthur S. Weissbrodt

## MOTION TO SELL REAL PROPERTIES, AND TO PAY NET PROCEEDS TO ERNEST AVILA
### (402 Sally Street & 125 Fourth Street, Hollister, California)

Debtor Elizabeth Campisi ("Debtor" or "Campisi") hereby moves the Court to authorize and approve her sale of two real properties, one located at and commonly known as 401 Sally Street, Hollister, California (the "Sally Street Property") and the other located at and commonly known as 125 Fourth Street, Hollister, California (the "Fourth Street Property") to Tony LoBue, Dan and Marie Peterson ("Buyer") for the purchase price of $225,000 plus closing costs and some or all of the property taxes, substantially on the terms and conditions of the Commercial Property Purchase Agreement and Joint Escrow Instructions ("Purchase Agreement"), a copy of which is attached hereto as Exhibit A. No broker is involved in this sale. The proposed sale

provides for the payment through escrow for the costs of sale, closing costs and outstanding real estate taxes to the Tax Collector for the County of San Benito and the payment of the remaining net proceeds towards the principal of the secured claim of Ernest Avila ("Avila") in exchange for the release of his deed of trust on the property in order to provide Buyer with clear title to the property. Debtor requests a finding that the Buyer is a good faith purchaser pursuant to 11 U.S.C. §363(m), and for waiver of Rule 6004(h) of the Federal Bankruptcy Rules.

The relief requested in the Motion is based upon this motion, points and authorities, the declaration of Debtor, and such other and further matters that the Court may consider at the hearing of the motion.

## POINTS & AUTHORITIES

### Factual Background

1. Debtor filed her Chapter 11 bankruptcy petition on June 30, 2010 ("Petition Date"). No trustee has been appointed. Debtor has diligently endeavored to sell enough of the real property in her estate to take care of three hard money secured loans, including Avila's.

2. The Sally Street Property is a single family residential rental property.

3. The Fourth Street Property is commercial rental property

4. The County of San Benito holds liens on both properties to secure unpaid real property taxes, including unpaid real property taxes for tax year 2009-2010 and prorated taxes for 2010-2011.

5. Ernest Avila ("Avila") holds a first deed of trust on both properties and a third property, a located at and commonly known as 2780 Southside, Hollister,

California ("Southside Property") to secure his claim in the original principal amount of $300,000 ("Avila Secured Claim.")

6. Debtor proposes that all net proceeds from the sale, in the estimated amount of $225,000 be paid to Avila and applied to the principal of the Avila Secured Claim in exchange for his release of his deeds of trust on the Sally Street Property and the Fourth Street Property. His remaining secured claim will continue to be secured by his deed of trust on property located at 2780 Southside, Hollister, California ("Southside Property") that Debtor has listed for sale for $535,000.

7. Although Debtor has requested Avila's consent to the sale, he has yet to consent to the release of his deeds of trust in exchange for payment of the net proceeds from the sale.

8. Debtor and Avila agreed to the terms of an Order on Avila's motion for relief from stay ("Stay Relief Order") that provides that "Debtor shall sell one or more of the Avila Properties with all net proceeds paid to Avila until Avila's secured claim is paid in full. Debtor shall use her best efforts to pay Avila loan in full no later than January 30, 2011." Debtor has diligently worked to fulfill the conditions of the Stay Relief Order. The proposed sale is Debtor's best efforts to perform under the Stay Relief Order.[i]

9. The Court previously approved a sale of the Sally Street Property, with Avila's consent, during September 2010 on an expedited basis, for a purchase price of $185,000.[1] The approved sale was conditioned upon prior buyer's obtaining financing that prior buyer represented required more and more extensive and expensive repairs being made to the property, including a new roof and installation of a heating system.

---

[1] The Order approving of the sale is Doc [72] on the Court's Docket.

After deduction for broker's commissions, closing costs, property taxes and the estimated repair costs, the net proceeds available to Avila would have been less than $100,000.

10. By contrast the present offer is a cleaner offer. The current offer is an all cash offer, without contingencies, with no broker's commissions and the Buyer has represented Buyer have the ability to close escrow expeditiously upon Bankruptcy Court approval. Buyer has agreed to pay the closing costs. Buyer has agreed to pay some of the property taxes. Debtor and Buyer are continuing to discuss the payment of the balance of the property taxes.

11. Attached hereto as Exhibit B is First American Title's preliminary estimated settlement statement for the sale that needs to be revised to reflect that Avila will be paid the entire net proceeds rather than being limited to only $200,000. Debtor believes further revisions are required to reduce and/or eliminate the disbursements chargeable to Debtor's account. Exhibit B is attached hereto for illustration purposes as Debtor and the Buyer are continuing to negotiate specific terms of the sale.

12. Debtor is not related to or affiliated with Buyer. The transaction was negotiated at arm's length. The Buyer have disclosed that they are licensed real estate brokers.

**Legal Arguments**

A. **The Sale of the Sally Street Property Is In the Best Interest of the Bankruptcy Estate and Should Be Approved.**

Section 363(b)(1) of the Bankruptcy Code authorizes the Debtor to sell property of the estate after notice and a hearing. The Court may approve a sale when the sale is in the best interest of the estate. The proposed sale is in the best interest of the estate.

Avila has commenced foreclosure on all three properties securing the Avila Secured Claim prior to the Petition Date (June 30, 2010). The Avila Secured Claim matured under its own terms on September 9, 2010. Debtor must pay off the Avila Secured Claim or risk the loss of her substantial equity in all three properties. Preservation of Debtor's equity in her property enhances her ability to reorganize and pay the claims against the estate. The proposed sale will substantially pay down the Avila Secured Claim.

In response to Avila's motion for relief from stay Debtor has agreed to sell the properties securing the Avila Secured Claim and to pay all net proceeds on the Avila Secured Claim until it is fully paid. This sale is consistent with that agreement.

### B. Payment of Net Proceeds Should Be Paid To Avila Directly From Escrow In Exchange for The Release of His Deed of Trust on the Sally Street Property.

Debtor must deliver to Buyer clear title to the Sally Street Property and Fourth Street Properties. This requires the removal of Avila's first deeds of trust. The net proceeds from the sale are not sufficient to pay in full the Avila Secured Claim. Debtor proposes to pay all net proceeds to Avila to be applied to the principal of his claim, directly from escrow in exchange for his contemporaneous release of his deeds of trust on the Sally Street Property and Fourth Street Property. Debtor has requested Avila's consent but has yet to confirm his consent to the release of his deeds of trust in exchange for the net proceeds.

WHEREFORE, Debtor respectfully requests the Court approve the following:

a. Debtor's sale of the Sally Street Property and Fourth Street Property to Buyer substantially on the terms of the attached Purchase Agreement provided Avila agrees to release his deeds of trust;

     b.     Direct payment from escrow of closing costs and real estate taxes;

     c.     Direct payment from escrow of the remaining net sales proceeds to Avila to be applied to the principal of the Avila Secured Claim in exchange for Avila's contemporaneous release of his deeds of trust on the Sally Street Property and Fourth Street Property;

     d.     A finding that the Buyer is a good faith purchaser entitled to all the protections and benefits of 11 U.S.C. §363(m);

     e.     For waiver of the 10 day period provided for in Rule 6004(g) of the Federal Bankruptcy Rules; and

     f.     For such other and further relief as the Court deems just and proper.

Dated: February 23 , 2011

                                  McPharlin Sprinkles & Thomas, LLP

                                  By:    */s/ Elaine M. Seid*
                                       ELAINE M. SEID
                                       Attorneys for Debtor
                                       Elizabeth Campisi

---

[i] The Order is Doc [68] on the Court's docket.