ELAINE M. SEID (Bar No. 72588)
McPHARLIN, SPRINKLES
    & THOMAS LLP
160 W. Santa Clara, Suite 400
San Jose, California 95113
Telephone (408) 293-1900
Facsimile (408) 293-1999

Attorneys Debtor
Elizabeth Campisi

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:

ELIZABETH CAMPISI

    Debtor.
.

Case No.: 10-56816 ASW

Chapter 11

<u>Hearing</u>:
Date: 4/26/2011
Time: 1:45 p.m.
Judge: Hon. Arthur S. Weissbrodt

**<u>CERTIFIED APPLICATION FOR ORDER SHORTENTING TIME
FOR HEARING OF MOTION TO SELL REAL PROPERTIES
FREE AND CLEAR OF LIEN OF ERNEST AVILA
(402 Sally Street & 125 Fourth Street, Hollister, California)</u>**

I, ELAINE M. SEID, state as follows:

1. I am a member of the State Bar of California, duly admitted to practice before this Court, and a partner of McPharlin Sprinkles & Thomas, the attorneys of record for the Debtor herein.

2. The Debtor has a pending properly noticed motion to sell two properties ("Sally Street" and "4th Street", and together the "Properties") filed as document [128].

DECLARATION OF ELAINE M. SEID IN SUPPORT OF MOTION TO SELL PROPERTIES FREE AND CLEAR OF LIENS (402 Sally Street & 125 Fourth Street, Hollister, California)
-1-

3. The Properties are two of three properties securing the "Avila Loan" in the principal amount of $300,000.

4. The net proceeds of the sale are to be paid to Avila and are projected to be in an approximate amount of $230,000 as reflected on the Estimated Closing Statement attached as Exhibit A to the Memorandum of Points and Authorities ("MPA").

5. I have requested Avila, through his attorney, to consent to the pending sale on a number of occasions. However, Avila, through his attorney, has consistently declined to consent.

6. The hearing of the sale motion was continued by the Debtor to April 26, 2011 to afford the Debtor time to obtain Avila's consent, sell the third property securing the Avila Loan, the "Southside Property" t(hat would generate sufficient proceeds to pay off the Avila Loan entirely) or to sell the Properties free and clear of Avila's lien pursuant to 11 U.S.C. §363(f).

7. In reviewing the facts of the transactions between Debtor and Avila, we have concluded that Avila has already consented to the sequential sale of the Properties and, additionally, that Avila's loan bears interest above the legal rate. If the rate is usurious, Avila would not be entitled to any interest and all interest payments made to him to date would have to be re applied to the loan principal such that the net proceeds of the sale of the Properties could potentially pay his allowable claim in full.

8. At a minimum, there are bona fide disputes with respect to the Avila Loan that provide cause for the Court to approve the sale of the Properties free and clear of Avila's lien, with all net proceeds applied towards to Avila Loan (subject to adjustment should the 12% interest rate on the Avila Loan be usurious.)

DECLARATION OF ELAINE M. SEID IN SUPPORT OF MOTION TO SELL PROPERTIES FREE AND CLEAR OF LIENS (402 Sally Street & 125 Fourth Street, Hollister, California)

9.  I have spoken with Avila's attorney, Breck Milde on a number of occasions including on April 11, 2011, to advise Mr. Milde that Debtor would be filing a motion to sell the Properties free and clear of liens and our intent to set it for April 26, 2011, to be hearing at the same time as the continued hearing on Debtor's pending motion to sell the Properties.

10.  Mr. Milde has not objected to the hearing of the motion to sell free and clear of liens to be heard at the April 26, 2011 hearing.  He did advise he would be on vacation on that date but said that someone else from his office could cover the hearing.

11.  An order shortening time for the hearing is necessary.  I have spoken with the Buyer to advise him of the April 26, 2011 hearing.  He has agreed that if the sale can be approved at the hearing the Buyer will go forward with the purchase the Properties.

12.  The Buyer agreed to purchase the Properties during February 2011 and is anxious to close the all cash, no broker's commission and no contingency purchase as soon as possible.  If the sale does not close expeditiously, the Buyer may choose to invest his cash in another investment.

13.  As the Court is aware, the Debtor needs to liquidate assets of her estate in order to pay the Hard Money Loans as the lenders are demanding prompt payment.

//
//
//
//
//

DECLARATION OF ELAINE M. SEID IN SUPPORT OF MOTION TO SELL PROPERTIES FREE AND CLEAR OF LIENS (402 Sally Street & 125 Fourth Street, Hollister, California)

-3-

14. There is a real risk that if the pending sale is not timely approved, it may take a significant time for Debtor to find another buyer for the Properties.

WHEREFORE, an order shortening time is requested so that Debtor's motion to sell the Properties free and clear of Avila's lien can be heard with Debtor's motion to sell the Properties at the continued hearing on April 26, 2011.

I declare under penalty of perjury that the above is true and correct and of my own personal knowledge. Executed this 14th day of April 2011 at San Jose, California.

*Elaine M. Seid*
ELAINE M. SEID

DECLARATION OF ELAINE M. SEID IN SUPPORT OF MOTION TO SELL PROPERTIES FREE AND CLEAR OF LIENS (402 Sally Street & 125 Fourth Street, Hollister, California)
-4-