ELAINE M. SEID (Bar No. 72588)
McPHARLIN, SPRINKLES
    & THOMAS LLP
160 West Santa Clara, Suite 400
San Jose, California 95113
Telephone (408) 293-1900
Facsimile (408) 293-1999
emseid@mstpartners.com

Attorneys for Debtor
ELIZABETH CAMPISI

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ELIZABETH CAMPISI<br><br>    Debtor. | Case No: 10-56816 ASW<br><br>Chapter 11<br><br>Hearing: July 18, 2011<br>Time:    2:00 p.m.<br>Court:   Judge Weissbrodt |

## CHAPTER 11 STATUS CONFERENCE STATEMENT

### Background and Status of Case

1. Elizabeth Campisi ("Campisi" or "Debtor") filed her voluntary case on June 30, 2010 ("Petition Date"). No trustee has been appointed. No Creditor's Committee has been formed.

2. Debtor's estate consists of valuable real property most of which are rental properties that are Debtor's primary source of income that supplements her $800 per month social security. The parcels are as follows:

a. **Fairview Property**. This property has 3 single family residences and a commercial convenience store. Monthly rents are $6,600. It has valuable development potential.

b. **Cienega #A Property**. 52 acres of land with a single family residence that rents for $1,150. per month.

c. **Cienega #B Property**. 7 acres adjoining the 52 acres. It rents for $1,500 per month.

d. **125 4th Street**. Two commercial buildings that rent for $2,300 per month. (Sold.)

e. **402 Sally Street**. Single family residence that rents for $1,100 per month. (Sold.)

f. **2780 Southside.** Single family residence that rents for $1,400 per month. (Sold.)

g. **2740 Southside**. Single family residence occupied by Debtor's granddaughter.

h. **Southside Parcel**. Land near the other Southside parcels that has a well and provides water to the other Southside properties.

i. **430 Tierra Del Sol**. Debtor's residence.

j. **Exeter Property**. Debtor's half interest in property (sold)

3. The Debtor filed her Chapter 11 petition to stay pending aggressive foreclosures by the holders of three hard money loans to avoid the loss of her substantial equity in the properties. Without her rental properties Debtor would lose her primary means of support. The three loans are as follows:

a. **Saunders I Loan**. The loan was made by Frank Saunders ("Saunders") and Saunders Company who thereafter assigned fractional interests to his investors. Saunders Company is the servicing agent for its investors from whom Saunders Company derives management fees. The current principal loan balance is **$545,000** and is secured by the Fairview Property. Debtor believes the value of the Fairview Property is **$980,000**, resulting in an equity cushion of **$436,000**.

b. **Saunders II Loan**. This loan was also made by Saunders and Saunders Company. Fractional interests were assigned to Saunders' investors with Saunders Company acting as their servicing agent from whom Saunders Company derives management fees. The original principal amount is $400,000 of which $300,000 was used to pay down the principal of the Saunders I Loan from the original $845,000 to its current principal balance $545,000. The Saunders II Loan is secured by the two Cienega Properties. The larger 50 acre parcel ("Cienega A") is currently listed for **$879,000**. The smaller 7 acre parcel ("Cienega B") is listed for **$350,000**. Saunders intercepted $161,000 of proceeds paid by San Benito County for an easement through the Cienega Property reducing the principal to **$239,000**.[1] Accordingly, the Saunders II loan has an equity cushion in excess of $990,000.

c. **Avila Loan**. The original principal amount of the Avila Loan was **$300,000** and secured by 125 4th Street, 402 Sally Street and 2780 Southside. Since the last status conference the Debtor has sold all three properties. On or about May 10, 2011 Avila received the entire net proceeds from the sale of the sale of Sally Street and

---

[1] Debtor reserves her disputes on the allowed amount of the Saunders loans.

4th Street properties in the sum of $232,757.  The sale proceeds of the sale of the 2780 Southside property are being held in a blocked account pending the resolution of the disputed amount of Avila's claim and the removal of the "conservator lien" asserted by Regina Grasso as conservator of the Estate of of Concetta Bertuccio, Conservatee. The conservatorship was dissolved upon Mrs. Bertuccio's motion.  She will be withdrawing the objection to the disbursement of the sales proceeds of the 2780 Southside property.

4. Debtor has made significant progress in her case by liquidating three properties that generated sufficient proceeds to pay the Avila loan and to fund her reorganization.

5. Debtor has active listings for the two Cienega properties.   The properties are valuable and desirable.  However due to the recent real estate loan disasters lenders are nervous and engaging in limited lending or not lending at all.  As a consequence the pool of buyers capable of purchasing these valuable properties is limited to buyers with substantial cash resources and those buyers are looking for bargains and the opportunity to purchase at deep discounts.   As such Debtor requires intrinsic value.

6. Debtor has and will continue to explore the alternative of refinancing her properties to pay off the Saunders loans.

### Post Filing Events

7. **Cash Collateral Orders**.  From the start of the case the Debtor has sought to use the cash collateral from her rental properties to primarily provide her hard money lenders with monthly adequate protection payments to maintain the status quo

until she could liquidate enough of her properties to pay off the three hard money loans. Ironically all three hard money lenders have vigorously opposed Debtor's cash collateral motions to to provide them with adequate protection payments.  It is evident the lenders' prefer to be inadequately protected so each could get relief from the automatic stay to continue with their respective foreclosure on the Debtor's properties in order to reap large windfalls.  As of date, substantial legal fees have been expended by all parties relative to the cash collateral issues that in Debtor's view were unnecessary.  Forcing debtor to expend legal fees and incurring large legal bills themselves fit into the lenders apparent design and strategy to expeditiously consume the debtor's equity in her properties and causing her reorganization to fail.

8. **Motion for Relief from Stay.**  Avila is the only one of the three hard money lenders to file a motion for relief from stay.  As the proceeds from the liquidation of Avila's collateral are sufficient to pay the Avila loan upon resolution of the disputed amount, his request for relief from stay is moot.

9. **U.S. Trustee Matters**.  Debtor is current on her U.S. Trustee quarterly fees and has filed all monthly operating reports that have become due.

10. **Post Petition Taxes**.  Debtor has incurred no post petition taxes since the Petition Date.

11. **Funds of the Estate**.  Debtor has used the cash collateral of the three hard money lenders consistent with the Court's authorization and has made all adequate protection payments that have become do.  The entire net proceeds from the sale of the Sally Street and 4th Street properties in the sum of $232,757 were paid to Avila to apply to his loan.

The net sale proceeds for the 2780 Southside property in the sum of $435,171.36 are held in a blocked debtor in possession account subject to further court order. The funds are in a blocked account due to the dispute regarding Avila's claimed amount and because an objection was filed by Regina Grasso, conservator of the Estate of Concetta Bertuccio, Conservatee, claiming to have a "conservator lien" on the sales proceeds alleging Debtor had wrongfully taken property from Mrs. Bertuccio. Mrs. Bertuccio has since obtained the termination of her conservatorship and will be withdrawing the objection to the disbursement of the sale proceeds of the 2780 Southside property raised by her daughter Regina Grasso, the dismissed conservator, paving the way for the release of the sales proceeds from the 2780 Southside property to fund and facilitate Debtor's reorganization.

12. **Sale of Properties**. The following property sales were approved by the Court:

   a. Debtor's ½ interest in Exeter property.[2] Escrow closed.

   b. Sally Street & 4th Street. Escrow closed.

   c. 2780 Southside. Escrow closed.

## Schedule for Case

13. **Cash Collateral Motion.** Saunders Company continues to object and vigorously litigate Debtor's use of cash collateral to pay adequate protection payments on the Saunders I loan. There is more than ample collateral value to adequately secure both the Saunders I and II loans. Saunders Company's perceived strategy is to bury

---

[2] Court Order is document [89] on the Court's Docket.

CHAPTER 11 STATUS CONFERENCE STATEMENT

6

Case: 10-56816  Doc# 193  Filed: 07/14/11  Entered: 07/14/11 12:58:30  Page 6 of 7

the Debtor in legal fees, both hers and those of her lenders. The objective is to force Debtor's financial reorganization to fail in order to reap substantial profits and windfalls.

14. **Sale of Properties.** Debtor continues to actively market and pursue the sale of her Cienega properties and is hopeful she will be filing motions to approve appropriate sales of these properties.

15. **Plan of Reorganization**. Given the tight credit market the Debtor is exploring various means and alternatives available to her for formulating a plan of reorganization. She anticipates she may need to file a cram down plan should her efforts to sell the Cienega properties or refinance her properties are inadequate to fully retire the loans managed by the Saunders Company on account of its escalating legal fees and charges. In the meantime all three hard money loans are more than adequately protected by substantial equity cushions and/or adequate protection payments.

16. Based upon the foregoing Debtor believes her case will be proceeding actively before this Court over the next several months and therefore suggests continuing the Chapter 11 Status Conference for approximately six months.

Dated: July 14, 2011   McPharlin Sprinkles & Thomas, LLP

By: /s/ *Elaine M. Seid*
    Elaine M. Seid
    Attorneys for Debtor
    Elizabeth Campisi