ELAINE M. SEID (Bar No. 72588)
McPHARLIN, SPRINKLES
    & THOMAS LLP
160 W. Santa Clara, Suite 400
San Jose, California 95113
Telephone (408) 293-1900
Facsimile (408) 293-1999
emseid@mstpartners.com

Attorneys Debtor
Elizabeth Campisi

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

In re:

ELIZABETH CAMPISI
    Debtor.

Case No.: 10-56816 ASW

Chapter 11

Hearing:
Date: 8/23/2011
Time: 2:15 p.m.
Judge: Hon. Arthur S. Weissbrodt

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO OBTAIN SECURED CREDIT 11 U.S.C.§364(c) (Private Capital)

### I. INTRODUCTION

Debtor Elizabeth Campisi ("Debtor" or "Campisi") has moved for authority to obtain secured credit under 11 U.S.C.§364(c) in the approximate aggregate amount of $780,000. consisting of two separate loans in the approximate principal amount of $390,000 each, one to be secured by a first deed of trust on Debtor's real property referred to herein as "Fairview" (the "Fairview Loan") and the other to be secured by a first deed of trust on Debtor's two real property referred to herein as "Cienega A" and "Cienega B" or together as "the Cienega Property" (the "Cienega Loan").

The two loans are brokered by Private Capital owned by Jim Petralia who Debtor is informed and believes to be a licensed mortgage broker. The loans are to be funded by individuals who are clients of Private Capital.

### A. **Material Provisions of New Secured Credit**

Attached hereto as Exhibits A and B are the mandatory disclosures for the Fairview and the Cienega loans, respectively, that Private Capital is required to provide to Debtor. Each loan is for a term 4 years, accrues interest at 9% per annum; with monthly payments of interest only in the amount of $2,925.00. A prepayment penalty of $14,040.00 is incurred on each loan if paid off within the first 6 months of the loan. Origination charges are $16,400 for each loan and the total settlement charges are estimated to be $20,89850.

### B. **Purpose of New Secured Credit**

Debtor proposes to use the aggregate net proceeds from the two new loans, together with approximately $200,000 from the sales proceeds from the Debtor's sale of her property known as 2780 Southside Road, Hollister, California ("Southside Property") that is held in a blocked debtor in possession account at Wells Fargo Bank ("WFB Blocked Southside Account"), to tender to Saunders Company the amounts for its payoff demands, copies of which are attached hereto as Exhibits C and D for Debtor's loans referred to herein as "Saunders I" and "Saunders II", respectively, and currently secured by first deeds of trust on the Fairview and Cienega properties, respectively. The encumbrances securing the Saunders Company loans are to be satisfied by the new financing and the new financing will be secured by replacement first deeds of trust on the same properties.

Attached hereto as Exhibits E and F are the estimated settlement statements for the new Fairview Loan and Cienega Loan prepared by First American Title Company.

## II. RELIEF REQUESTED

Debtor requests the Court authorize, but not obligate the Debtor to obtain the proposed secured credit and further authorize Debtor to withdraw the approximate amount of $200,000 from the WFB Blocked Southside Account if the borrowing and withdrawal are required and needed to satisfy the payoff demands of Saunders Company for the Saunders I and Saunders II loans.

The Cienega Properties are listed for sale. The sale of one or both of the Ciegna Property could provide a better result for the Debtor and her creditors as it would obviate the origination costs and settlement charges associated with obtaining the new secured credit.

Debtor further requests the proceeds tendered to Saunders Company for the disputed portion of the payoff demand for the Saunders I and Saunders II loans be held by the Saunders Company without disbursement to its investors pending the resolution of the allowed amount of the Saunders I and Saunders II loans by the agreement of the parties or by the Court.

## III. FACTUAL BACKGROUND

**A. Saunders Loan I**

1. During or about December 2006, Campisi's son, under a durable power of attorney, borrowed the sum of $845,000 from the Saunders Company ("Saunders") secured by a first deed of trust on the Fairview Property (the "Saunders Loan I") and used the proceeds to invest in several unsuccessful business ventures. The Fairview property is 5 acres with one commercial and three residential rentals that Campisi believes is worth at least $980,000.

2. During 2008 Frank Saunders ("Saunders") contacted Debtor and claimed the Saunders Loan I was due to mature soon and told Campisi that if she did not pay it

in full he would foreclose and take the Fairview Property. Saunders suggested Campisi sign over the Fairview Property to him to alleviate her having to continue paying Saunders. Saunders contacted Debtor again later and demanded a principal paydown of at least $300,000 payment.

B. **Saunders Loan II**

3. When Campisi advised Saunders she did not have $300,000, Saunders offered to loan her the $300,000 to be secured by Campisi's Cienega Property. Saunders assured Campisi that he would help and take care of Campisi if she would sign a new note secured by the Cienega Property, and further explained the new note on the Cienega Property would be $400,000 rather than $300,000 to cover the expenses of the additional paperwork and to pay taxes and insurance. Campisi netted approximately $49,000 from the new note (the "Saunders Loan II") and the principal amount of Saunders Loan I was reduced and modified to $558,000. For approximately $51,000 of fees and expenses and additional security, the original loan of $845,000 was divided into two loans totaling $958,000 and extended for an additional approximate two years.

4. During 2010 San Benito County paid $161,000 ("Road Proceeds") for a right of way through the Cienega Property. Saunders seized the entire proceeds paid by San Benito County for the right of way, claiming to be entitled to the funds under the Cienega Property deed of trust. The Road Proceeds were applied to the Saunders II loan some of which were used to reduce the principal amount of the loan.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO OBTAIN SECURED CREDIT UNDER 11 U.S.C. §364(C) (Private Capital)

Case: 10-56816    Doc# 207-1    Filed: 08/17/11    -4-    Entered: 08/17/11 16:01:36    Page 4 of 8

### C. Allowed Amount of Saunders I and Saunders II Loans Must Be Determined

5. Campisi filed her Chapter 11 petition on June 30. 2010.

6. The Court has found the holders of the Saunders I loan are adequately protected by Debtor's substantial equity cushion on the Fairview Property and has authorized Campisi to use the cash collateral rents from the Fairview Property provided she pay the regular monthly interest only payments and kept the property insured.

7. The Court has found the holders of the Saunders II loan are adequately protected by the substantial equity cushion on the Cienega Property and has authorized Campisi use the cash collateral rents from the Cienega Property on the condition Campisi kept the property insured.

8. Since August 2011 Campisi is collecting the rents from the Fairview and Cienega Property and after payment of property insurance, remitting the entire net rents to Saunders Company for the benefit of the holders of Saunders I and Saunders II loans.

9. The Saunders I loan matured on January 1, 2011 and the Saunders II loan matured on March 1, 2011. Saunders Company claims both loans accrue interest at 15% per annum after their respective maturity date. Debtor disputes Saunders Company's claim.

10. Debtor has requested information supporting the payoff demand amounts for the Saunders I and Saunders II loans as claimed by Saunders Company, including, but not necessarily limited to the attorney's fees claimed. However, Saunders Company has declined and failed to provide the supporting information. As a consequence, the allowed amounts of the two loans remain disputed and are not yet liquidated or allowed.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO OBTAIN SECURED CREDIT UNDER 11 U.S.C. §364(C) (Private Capital)
-5-

Case: 10-56816    Doc# 207-1    Filed: 08/17/11    Entered: 08/17/11 16:01:36    Page 5 of 8

### D. Debtor Is Unable to Obtain Unsecured Credit to Pay off Saunders I and Saunders II Loans

11. Given the large amounts owed on the Saunders I and Saunders II loans Debtor is not able to obtain adequate credit on an unsecured basis to pay off these loans.

### E. Private Capital Has Offered to Refinance the Fairview and Cienega Property For An Amount Adequate to Pay Off Saunders I and Saunders II Loans

12. Private Capital has obtained appraisals for the Fairview and Cienega properties and is satisfied that the appraised values of the properties are sufficient to provide the lenders of the Fairview Loan and Cienega Loan with adequate protection of their secured loans offered to be made to Debtor.

13. The terms of the Fairview and Cienega loans are more favorable than those under the Saunders I and Saunders II loans. However, Debtor will incur significant fees and expenses to refinance the properties in order to pay of the loans arranged by Saunders Company.

14. Debtor has listed both Cienega properties for sale. She and the listing broker are optimistic that given adequate time the properties will sell for prices sufficient to pay off the Saunders I and Saunders II loans.

## IV.    AUTHORITIES

### A. The Court May Authorize Debtor To Obtain Credit On Secured Basis.

11 U.S.C. §364(c) provides that if the debtor is unable to obtain unsecured credit allowable under section 503(b)(1) as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit secured by a lien on property of the estate that is not otherwise subject to a lien. In the present case, as the proceeds of the

new financing are to be used to pay off the existing liens on the Fairview and Cienega properties, these properties will not be subject to any liens other than the new liens when the Fairview Loan and Cienega Loan are consummated.

**B. The Court May Conduct Hearing on Motion To Obtain Credit On Less Than 14 Days Notice But May Authorize The Obtaining of Credit Only To The Extent Necessary To Avoid Immediate And Irreparable Harm To The Estate Pending A Final Hearing.**

Bankruptcy Rule 4011 (c)(2) provides "the Court may commence a final hearing on a motion for authority to obtain credit no earlier than 14 days after service of the motion" but further provides that if the motion so requests (as she does here), the court may conduct a hearing before such 14 day period expires, but the court may authorize the obtaining of credit only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

Private Capital has requested Debtor obtain as soon as practicable the Court's authorization to borrow from Private Capital's investor on a secured basis to assure Private Capitals individual investors that the Debtor may proceed with the borrowing on the basis proposed by Private Capital and has represented that one of its key investors will be unavailable for some period of time after August 31, 2011 to fund the loan.

Debtor's counsel will be unavailable from September 1 through September 22, 2011. Saunder's Company's attorney has indicated he will be unavailable from August 25 through September 15, 2011. Accordingly Debtor requests the hearing of her motion commence on August 23, 2011, that this be deemed a preliminary hearing to be followed by a final hearing on or before August 31, 2011 subject to the Court's availability and the calendars of the attorneys.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO OBTAIN SECURED CREDIT UNDER 11 U.S.C. §364(C) (Private Capital)
-7-

Case: 10-56816    Doc# 207-1    Filed: 08/17/11    Entered: 08/17/11 16:01:36    Page 7 of 8

### V. PRAYER

WHEREFORE, Debtor respectfully requests (a) the Court approve and authorize but not obligate Debtor to obtain credit from Private Capital on a secured basis according to the terms disclosed on Exhibits A and B, (b) to withdraw from the WFB Blocked Southside Account funds in the estimated amount of $200,000, more or less, as needed to tender to Saunders Company sufficient proceeds to pay the payoff demands for the Saunders I and Saunders II loans; (c) for Saunders Company to hold from the tendered amounts an appropriate amount for the disputed portion of the payoff demands, without disbursement to its investors, pending resolution of the allowed amounts of the Saunders I and Saunders II loans, (d) the setting of the final hearing for the Debtor's motion on or before August 31, 2011 and (e) for such other and further relief as the Court deems just and proper. A copy of a proposed form of order is attached hereto as Exhibit G.

Dated: August 17, 2011      McPharlin Sprinkles & Thomas, LLP

By: _/s/ Elaine M. Seid_
ELAINE M. SEID
Attorneys for Debtor

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO OBTAIN SECURED CREDIT UNDER 11 U.S.C. §364(C) (Private Capital)